65 So.2d 112

STATE ex rel. FUDICKAR, Dist. Atty.
v. HEARD.

No. 41142.

April 15, 1953.

Albin P. Lassiter, Monroe, for appellant-defendant.

Gravel & Downs, Alexandria, for relator-appellee.

FOURNET, Chief Justice.

This is a proceeding under the Intrusion Into Office Act, LSA–R.S. 42:76 et seq., contesting the right of respondent, Howell H. Heard, to hold the office of Judge of the City Court of West Monroe, his commission having issued on May 27, 1952, following appointment by the Governor upon Senate confirmation of his nomination to fill the vacancy in that office created by resignation of the incumbent, leaving an unexpired term of more than a year. After trial of the case in the lower court respond-ent filed exceptions of no cause or right of action, which were overruled, and judgment was rendered on the merits declaring the respondent's appointment to be null and void, the office of Judge of the City Court of West Monroe to be vacant, and ordering that same be filled by election. The respondent has appealed.

The basis of the exceptions of no cause or right of action, reurged in this Court, are (1) that suit was instituted and prosecuted by Fred Fudickar, Jr., not as District Attorney, but in proper person, and represented by private counsel, in direct contravention of the provisions of LSA–R.S. 42:76; and (2) that relator failed to comply with the mandatory requirements of LSA–R.S. 42:79 in that he did not join with the State as plaintiffs the names of the individuals on whose complaint the suit was instituted, thereby depriving respondent of the right to cross examine these persons.

The first contention is clearly without merit. A perusal of the petition readily discloses that the District Attorney literally followed the requirements of LSA–R.S. 42:76. The suit is brought in the name of the State on the relation of Fred Fudickar, Jr., the District Attorney in and for the Parish in which the case arose, and the petition is signed by him in his capacity as District Attorney. The fact that he was joined in the petition and in the prosecution of the case by C. F. Gravel, Jr., an attorney of the Alexandria Bar, is of no moment.

The second contention is equally without merit. The suit was not filed on the relation or information "of any interested person," within the meaning of the section; it was brought by the District Attorney, alleging that there was no adverse claimant to the office. The provisions of LSA–R.S. 42:79 are identical, for all practical purposes, with those of Section 2596 of the Revised Statutes of 1870, appearing under the section dealing with unlawful holding of office, and in construing these provisions the Courts of this State have held that the words "any interested person" excluded a person not himself a claimant for the office and having no concern in such office other than that which is common to all other citizens; but that residents of the parish, ward or municipality have the right to require the district attorney to present, in proper form, their cause of action to the courts. See Thomas v. Fuller, 166 La. 847, 118 So. 42; State ex rel. Smith v. Theus, 114 La. 1097, 38 So. 870. Therefore, the fact that during the trial of the case it was developed that the district attorney acted at the request of certain residents within the territorial jurisdiction of the City Court does not make those individuals interested persons within the meaning and contemplation of the statute, and we can think of no valid reason for making them parties. The suggestion of counsel for respondent that he had a right to cross examine these parties in order to discover their motive for causing the suit to be filed does not impress us, since this could not alter the legality of respondent's title to the office. It is a well settled maxim of law that as a general rule the motive which inspired the institution of an action cannot be inquired into in the exercise of the right given. See 1 Am. Juris. 416, Verbo Actions, Sec. 18; 1 C.J.S., Actions, § 24, page 1064, 31 C.J.S., Evidence, § 178, page 880.

On the merits, the respondent concedes that the recent decisions of this Court in the cases of Chappuis v. Reggie, 222 La. 35, 62 So.2d 93, and Babineaux v. Lacobie, 222 La. 45, 62 So.2d 95, are controlling—the office of Judge of the City Court of West Monroe being a legislative office and therefore within the constitutional provision that the Legislature may provide the mode of filling offices created by it; but it is urged here that the Court reconsider the conclusion there reached with respect to the applicability of LSA–R.S. 42:373. The respondent reverts to the sources of three sections of the Revised Statutes appearing in the Chapter on "Vacancies," and argues that we should not attempt to reconcile conflicting meanings as though the three sections had been incorporated in one original act, with no prior history, but rather should give the respective sections the same weight and meaning as the separate acts had prior to incorporation. In line with this argument, he contends that the source of LSA–R.S. 42:373, which provides that when a vacancy occurs in a State office which is by law made elective by the people, if the office have an

unexpired term of more than a year, "it shall be filled by election"—being Act No. 112 of 1912—was in part superseded by Act No. 236 of 1916 (now LSA–R.S. 42:372), giving to the Governor power to fill by appointment, regardless of length of unexpired term, vacancies in the office of coroner, justice of the peace, constable, and other specified offices; and that the remainder of the 1912 Act was superseded upon adoption by the Legislature of Act No. 21 of the 2nd Extra Session of 1934 (now LSA–R.S. 42:371), giving to the Governor the power to fill vacancies by appointment in all cases, except as otherwise required by the Constitutions of the United States and of Louisiana, and except in cases where he already had such power. According to counsel's argument, the fact that the language of the sections of the Revised Statutes under consideration is the same as that of the former acts—as distinguished from sections of the Revised Statutes which vary from their source, in which case the revision prevails, City of Alexandria v. LaCombe, 220 La. 618, 57 So.2d 206—indicates a legislative intent that the reenactment have the same meaning as the earlier statute, including the judicial construction placed thereon prior to reenactment. In support of this argument counsel cites certain decisions of this Court, and strongly relies on excerpts from 59 C.J., Verbo Statutes, Secs. 493, 495, and particularly Section 490, paragraph 3, at page 893 of that volume, that "The acts of revisers in continuing to include a statute which had been repealed in subsequent revisions of the statutes does not operate to keep it in force."

The authorities relied on by respondent, when read as a whole, cover general rules of law concerning revisions of statutes, with the exception of the quotation from Corpus Juris noted above. Aside from the fact that the rule, as there stated, is inappropriately phrased when applied to the revision of statutes under consideration, reference to the section reveals that the statement is supported by only one case, State ex rel. Missouri Poultry & Game Co. v. Nolte, Mo.Sup., 203 S.W. 956; and a reading of that case, in our opinion, conclusively shows that it does not support the rule.

It is to be remembered that the Revised Statutes constitute a single act of the Legislature, adopted as a whole; different sections should be regarded not as separate acts, but as simultaneous expressions of the legislative will, and all provisions should be construed together and reconciled whenever possible. In adopting the Revised Statutes of 1950, the Legislature incorporated both LSA–R.S. 42:371 and 42:373, giving equal dignity to each; we must take them as written, and not search through the history of the acts carried into the Revised Statutes for defects, when a reading of the sections, disassociated from their history, presents no insuperable difficulty of construction. In the cases of Chappuis v. Reggie and Babineaux v. Lacobie, supra,

wherein the argument was made that the sections were irreconcilable, we used the generally accepted rules of statutory construction applicable in these circumstances and found that effect could be given to each section. No useful purpose can be achieved in reviewing our reasons, set forth at length in the Chappuis case. The decisions of this Court relied on by respondent announce a rule which is not apposite to the facts of this case, and they are therefore neither pertinent nor controlling.

For the reasons assigned, the judgment appealed from is affirmed.

MOISE, J., absent.

FOURNET, Chief Justice.