FOURNET, Chief Justice
(dissenting).
I cannot agree with the majority holding that the State of Louisiana, in levying assessments against non-resident shareholders *563 of a foreign corporation on the capital gains realized by them cannot take into consideration the stock cancelled or redeemed in the liquidation of that corporation for which they received real property in Louisiana as a consideration, as is clearly and specifically provided by R.S. 47:159 (H),[1] such holding being predicated on this section’s purported conflict with R.S. 47:-241-243 — general provisions governing the computation of the taxable net income of non-resident individuals and foreign corporations earned in Louisiana.
In so holding, the majority has not only repealed R.S. 47:159(H) by implication, contrary to the jurisprudence holding “there is a strong presumption against implied repeal,” and where two acts relating to the same subject are passed at the same legislative session, “they are to be construed together, if possible, so as to reconcile them, giving effect to each,” but also the jurisprudence pointing out that the “Revised Statutes constitute a single act of the Legislature, adopted as a whole,” and different sections “should be regarded not as. separate acts, but as simultaneous expressions of the legislative will, and all provisions should be construed together and reconciled whenever possible.” Moreover, in reaching the conclusion it has, the majority disregarded the canon of statutory construction with respect to our Revised Statutes, to-the effect that we should “not search through the history of the acts carried into-the Revised Statutes for defects, when a. reading of the sections, disassociated from their history, presents no insuperable difficulty of construction.” [2]
As a matter of fact, one of the very authorities relied on by the majority supports-this jurisprudence, for it is pointed out in a quoted portion from Crawford on Statutory Construction that “Where * * *' general provisions, terms, or expressions in one part of a statute are inconsistent with more specific or particular provisions in another part, the particular provisions must govern or control> as a clear and more definite expression of the legislative will, un *565 less the statute as a whole clearly shows a legislative intention to the contrary, or some other canon of statutory construction compels a contrary conclusion.” Section 167, at page 267. (The emphasis has been supplied by me.)
It is my opinion that the legislature in adopting R.S. 47:159(H) intended to, and did in fact, in clear and unambiguous language, deal with a specific subject not covered by the general provisions as set forth in R.S. 47:241-43, that is, to provide that when property is received for the redemption of shares of stock in the liquidation of a corporation, if that property is located in Louisiana, the stock is deemed to have its situs here. It should be given that effect. It can be given that effect without in any manner conflicting with the provisions of R.S. 47:241-243, dealing with the annual income realised in Louisiana by non-resident individuals or foreign corporations, as these provisions are clearly distinguishable. This has been very ably demonstrated in the dissenting opinion of Mr. Justice McCaleb.

. R.S. 47:159, under the heading “Distributions by corporations,” provides, in subsection (H), with the sub-title “Situs of stock cancelled or redeemed in liquidation,” that “In cases where property located in Louisiana is received by a shareholder in the liquidation of a corporation, the stock cancelled or redeemed in the liquidation shall, for purposes of determining taxable gain under this chapter, be deemed to have its taxable situs in this state to the extent that the property of the corporation distributed in liquidation is located in Louisiana.
If only a portion of the property distributed in liquidation is located in Louisiana, only a corresponding portion of the gain realized by a shareholder shall be considered to be derived from Louisiana sources.” (The emphasis has been supplied by me.)

. See, State v. Shushan, 206 La. 415, 19 So.2d 185; City of New Orleans v. Board of Supervisors of Elections, 216 La. 116, 43 So.2d 237; Chappuis v. Reggie, 222 La. 35, 62 So.2d 92; and State ex rel. Fudickar v. Heard, 223 La. 127, 65 So.2d 112.