GLADNEY, Judge.
Forasmuch as it is provided by LSA-R.S. 18:364, subd. E, a decision in a case of this character must be rendered by this court within 24 hours after its submission and the exigencies of the case requiring immediate action, we hand down our decree in this matter — the reasons for which will follow in due course.
For the reasons to be hereinafter assigned, we affirm the judgment of the Sixth Judicial District Court in favor of Charles L. Vining, Jr., and against the defendants, The Democratic Executive Committee for the 32nd Representative District, the individual members thereof, and Honorable Wade O. Martin, Jr., Secretary of State of the State of Louisiana, ordering the issuance of a writ of injunction permanently prohibiting defendants from taking any further action whatsoever in the holding of a special election for the office of Representative for the 32nd Representative District, and,
FURTHER ORDERING that the Democratic Executive Committee for the 32nd Representative District proceed at once to decree Charles L. Vining, Jr. the Democratic nominee for the office of Representative of the House of Representatives for the 32nd Representative District, and the action taken by the said Committee on November 21, 1967 calling a special election, be decreed null, void and of no effect.
The cost of these proceedings are taxed against the Democratic Executive Committee for the 32nd Representative District.
BOLIN, J., dissents.
Reasons Assigned
Charles L. Vining, Jr. instituted this suit to be declared the Democratic nominee for the office of State Representative for the 32nd Representative District. Relief by injunction and mandamus was sought against the Democratic Executive Committee for the 32nd Representative District and the Honorable Wade O. Martin, Jr., Secretary of State, as a result of the action taken by the Executive Committee on November 21, 1967 calling a special election to be held December 16, 1967 for the office of State Representative for that district. Respondents *803 support the action taken by the Executive Committee on November 21, 1967 calling the special election.
The facts pertinent to a decision herein are not disputed. In the first primary election of November 4, 1967 no candidate received a majority of the votes for the office of Representative for the 32nd Representative District and consequently the Committee certified that Vail M. Delony, who received 3,375 votes, and Charles L. Vining, Jr., who received 2,274 votes, received the two highest number of votes and were entitled to be candidates in the second primary to be held on December 16, 1967. Two other candidates in the first primary received 1,552 and 1,235 votes respectively and were therefore eliminated. Subsequent to the Committee declaring or certifying the names of Vail M. Delony and plaintiff as being the two candidates to be voted on in the second primary for said office, Vail M. Delony died on the date of November 18, 1967. Thereafter on November 21, 1967 the Committee issued a call for a special election to be held on December 16,1967 for the nomination of a candidate for the office. This suit was then instituted and trial had on November 29, 1967.
The Sixth Judicial District Court through Judge Hillyer S. Parker, Judge Ad Hoc, rendered judgment granting a writ of injunction and ordering the Committee to decree Charles L. Vining, Jr. the Democratic nominee for the office of member of the House of Representatives for the 32nd Representative District, and that the action taken by the Committee on November 21, 1967 calling a special election be decreed null, void and of no effect. The respondents have perfected a suspensive appeal to this Court.
Appellants urge error to the ruling of the trial court that there is no conflict between the provisions of LSA-R.S. 18:358, subd. F and 18:361, subd. D. A decision upon this issue, therefore, calls for the interpretation of the pertinent and applicable provisions of the Primary Election Law, LSA-R.S. 18:281-18:382, and more particularly Sections 18:358 and 18:361 thereof.
The fundamental principles of statutory construction recognize that in the interpretation of a statute its meaning must be sought in the language employed, and if such language be plain, it is the duty of the courts to enforce the law as written. When the provisions of the Primary Election Law were embodied in LSA-Revised Statutes through Act 2 of the Extraordinary Session of 1950, fHey“stood on a parity with each other, incorporated in one single Act adopted by the Legislature, and this being so, it would be impossible to hold that one provision had the effect of repealing the other.
State ex rel. LeBlanc v. Democratic State Central Committee, 229 La. 556, 86 So.2d 192 (1956).
Chief Justice Fournet in State ex rel. Fudickar v. Heard, 223 La. 127, 65 So.2d 112, previously had ruled:
“It is to be remembered that the Revised Statutes constitute a single act of the Legislature, adopted as a whole; different sections should be regarded not as separate acts, but as simultaneous expressions of the legislative will, and all provisions should be construed together and reconciled whenever possible. * * * ” 65 So.2d 112, 114.
Reference to LSA-R.S. 18:358 discloses that the caption or heading of Section 358, printed in heavy black type reads:
“Second primary for local officers; place and date; number of candidates; tie vote; failure to elect or death or withdrawal of candidate”
Similarly the heading or caption of LSA-R.S. 18:361 is:
“Lack of or unopposed candidates; death of candidate”
The Supreme Court in State ex rel. Le-Blanc v. Democratic State Central Committee, supra, declared its caption clearly shows that Section 358 applied solely to second pri *804 maries for local offices and answering an argument to the effect that the caption formed no part of the Statute, responded:
“ * * * Conceding for the moment the correctness of this contention, it cannot be questioned that the caption preceding each of these sections, when placed thereon by the Law Institute of this state and subsequently adopted by the Legislature as proposed, Act 2 of the Extraordinary Session of 1950, made crystal clear the particular applicability thereof.
“The Louisiana Law Institute, its membership named and appointed by the Legislature and composed of our most eminent educators and lawyers, charged with the Herculean task of compiling, revising and correlating our statutory law, submitted its meritorious projet, which was enacted by the Legislature in its entirety as Act 2 of the Extraordinary Session of 1950. To hold otherwise would be tantamount to saying that the Law Institute and the Legislature, by the use of these captions did not intend to say what the words so clearly and unmistakably express.” 86 So.2d 192, 197.
The same rule as so applied to Section 358 has equal application to Section 361. The Primary Election Law as incorporated in the Revised Statutes in 1950 contained certain provisions now found in Sections 358 and 361. However, these two sections have been amended and recently further amended in part by Acts No. 14 and 15 of the Extraordinary Session of 1966. In amending Section 361, Sub-section D was added. Reading the two sections in full discloses that the provisions in each section appropriately pertain to the subject matter indicated in the caption or heading of the particular section.
Section 358 is concerned only with second primaries in local elections and those participating therein. The section has six subsections, A, B, C, D, E, and F. A, B, C and D specifically relate to second primary matters. Sub-section E provides there shall be no third primary. Sub-section F, which is particularly relevant here, reads as follows:
“In case of failure to elect because no candidate received a majority of votes cast for the office for which he is a candidate, if one of the two persons receiving the highest number of votes declines to continue his candidacy, dies, or is otherwise disqualified, the other candidate who has received the highest number of votes for the office for which he was a candidate shall be declared the nominee of the party.”
“Lack of or unopposed candidate; death of candidate” is the heading of Section 361 which consists of four sub-sections, A, B, C and D. Sub-section A has application where there is an unopposed candidate after the time for qualifying in the first primary has passed, and in such case, the proper committee is authorized to declare the candidate the nominee of the party. Sub-section B has the same application where there is a candidate for membership on a party committee. Sub-sections C and D then provide:
“After the date has passed on which candidates are allowed to enter and file their notification in any primary under this Part, if one or more of the rival candidates for any particular office dies, new candidates for that office may enter and file their notification for a period of five days after the death. However, the provisions of this Sub-section do not apply when the death occurs within thirty days of the day fixed for the primary.
“Where there is one or more candidates or nominees of a political party, for the same office, and any of such candidates or nominees dies within thirty days of the day fixed for the primary, or on the day of the primary, or dies at any time between the day fixed for the primary and the day fixed for the general election, or on the day of the general election, and there is not time to print the name of a new candidate or nominee on the ballot (which fact shall be certified by the sec *805 retary of state to the chairman of the committee which called the primary), and there remains any nominee of any political party, or any other candidate for the same office, all votes cast for all remaining candidates or nominees shall be null and void and shall not be counted, except as hereinafter otherwise provided in this Sub-section. Then the respective committees having authority to call primary elections shall call and hold another primary election in the manner and within the time as provided in R.S. 18:305, to nominate candidates for the office in a special election, called as provided by R.S. 18:631, as amended; provided that where more than one nominee for any office is authorized by law, such special election shall be confined to filling the vacancy or vacancies in the nomination occasioned by death and shall not affect any surviving candidate who has been nominated.”
Tersely stated, the question before the court is whether the thirty day provision in LSA-R.S. 18:361, subd. D has application when the death occurs subsequent to the first primary. It is our conclusion that such provisions in the statute exclusively apply to a situation where there is a death or vacancy occurring before the initial primary is held. The 30 day clause in Sub-section D closely follows the proviso contained in the preceding Sub-section C which declares its provisions are without effect when the death of a candidate occurs within 30 days of the day fixed for the primary. Unquestionably we think the period referred to in the two Sub-sections is one and the same. “The primary” mentioned in Sub-section C has reference solely to the initial or first primary election scheduled to follow the entry and qualification of the candidates. In-terpretated in this manner, Sub-section D may be reconciled with and is not inconsistent with the provisions of Sub-section 358, subd. F. The provisions of Sub-section D other than the 30 day clause provide for a special election, subject to the conditions therein stated, when the death of candidates or nominees occur on the day of the primary, or between the day of the primary and the day fixed for the general election, or the day of the general election. In such instances a special election may be called only when there is not sufficient time to allow for the name of a new candidate or new nominee on the ballot, and there remains any nominee of any political party or any other candidate for the same office. The aforesaid provisions apparently are pertinent only when there is a lack of or an unopposed candidate. Such provisions are not relevant or pertinent in the instant case.
The circumstances presented in the record before us clearly fall under Sub-section 358, subd. F which seems to fit the situation exactly. Neither Delony nor Vining had received a majority of the vote in the first primary and both had been certified for the second primary when Delony died 28 days prior to the day fixed for the second primary election. Under such circumstances the Sub-section provides the other candidate who received the highest number of votes shall be declared the nominee of the party.
By way of summarizing our findings herein, we hold that the provisions of the two Sub-sections, LSA-R.S. 18:358, subd. F and 18:361, subd. D, may be construed together and reconciled. The applicability and the meaning of each becomes clear and free of material uncertainty when proper consideration is given to the caption or heading of each section of the statute.
Being in accord with, we affirm the judgment appealed.