ELLIS, Judge.
Plaintiff’s license to do business as a contractor in the State of Louisiana was suspended by the State Licensing Board for Contractors as of May 8, 1967, and this suit was filed asking for a temporary restraining order, preliminary injunction, and permanent injunction, restraining the Board from implementing the suspension. From an adverse judgment in the trial court, plaintiff brings this appeal.
The case was tried on the following fact stipulation:
“1. Plaintiff entered into a contract with the Suburban Baptist Church for the sum of $159,631 on January 23, 1967.
“2. That the Board received plaintiff’s application for a license on January 26, 1967.
“3. That a letter dated February 3, 1967, to the plaintiff from the Board to the effect that the Board had received information about a contract between plaintiff and the Suburban Baptist Church.
“4. That on March 13, 1967 plaintiff entered into a contract with John U. Barr for the sum of $66,350.
“5. That a license issued to plaintiff by the Board on March 26, 1967.
“6. That on Thursday, April 8, 1967, the Board by telegram to plaintiff advised that a hearing was scheduled for Monday, April 11, 1967 concerning the Barr contract.
“7. At the request of counsel for plaintiff this hearing scheduled for April 11, 1967 was postponed and was later held on May 1, 1967.
“8. That the telegram sent by the Board to plaintiff on April 25, 1967 notified plaintiff of the nature of the hearing to be conducted on May 1, 1967, in that it referred to the contracts with Suburban Baptist Church and John U. Barr.
“9. That work pursuant to the January 23, 1967 contract with Suburban Baptist Church began during the month of February, 1967.
“10. That there is a distinction between the word ‘bid’ and the word ‘negotiated’ in the contracting industry.
“11. That on both the Suburban and the Barr contracts open bids were held in which plaintiff did not participate and in which all bids were rejected and subsequently plaintiff and owners entered into a privately negotiated contract.”
The law providing for licensing of contractors is contained in R.S. 37:2151— 37:2163. Section 37:2160 provides that it shall be unlawful for any person to engage in the business of contracting without having qualified as a contractor under the *740 above act. A contractor is defined, under the provisions of Section 37:2157, as any person who for a price of $30,000.00 or more “undertakes, attempts, or submits a bid to construct” any building.
Plaintiff takes the position that so long as no competitive bid is submitted, a contractor can operate without the license required by Section 37:2160, apparently basing this on an interpretation of the definition of contractor above given as one who undertakes or attempts to bid on a contract. It is contended that one who negotiates his contracts is not a contractor within the meaning of the Act.
 We recognize that it is the law of this state that statutes imposing penalties must be strictly construed and all doubt must be resolved against the imposition of the penalty. Tichenor v. Tichenor, 190 La. 77, 181 So. 863 (1938). If the language contained therein is technical in nature, it must be interpreted according to its accepted meaning within the trade or profession in which it is employed. Article 15, Civil Code. However, in construing a law, its meaning must be sought in the language employed, and, if it be plain, it must be enforced as written.
We find that the provisions of Section 37:2157 are clear and unambiguous.
It is clear that the act is intended to regulate those who undertake to construct, attempt to construct, or submit a bid to construct, where the contract price is $30,000.00 or more. When plaintiff entered into its contract with the Baptist Church three days before it applied for a license and over two months before the license was issued, it undertook to construct the building called for in the contract. In so doing, it violated the provisions of R.S. 37:2151 et seq.
We find no error in the ruling complained of, and it is hereby affirmed, with all costs of this appeal to be paid by plaintiff.
Affirmed.