353 So.2d 728 (1977)
COLONIAL PIPELINE COMPANY
v.
Joseph N. TRAIGLE, Collector of Revenue.
No. 11531.
Court of Appeal of Louisiana, First Circuit.
October 17, 1977.
Rehearing Denied November 21, 1977.
Writ Refused January 20, 1978.
John V. Parker, Baton Rouge, of counsel, for plaintiff-appellee Colonial Pipeline Co.
Whit M. Cook, II, Baton Rouge, of counsel, for defendant-appellant Joseph N. Traigle, etc.
Before BLANCHE, COVINGTON and CHIASSON, JJ.
CHIASSON, Judge.
The Collector of Revenue of the State of Louisiana (Collector) appeals judgments of the District Court denying his demands for attorney fees against Colonial Pipeline Company (Colonial) under the provisions of La.R.S. 47:1512.
Colonial had paid franchise taxes for successive years as provided for by La.R.S. 47:601 under protest and thereafter filed these suits for refunds. On April 28, 1975, the United States Supreme Court affirmed the Louisiana Supreme Court and held La. R.S. 47:601 constitutional in Colonial Pipeline Company v. Traigle, 421 U.S. 100, 95 S.Ct. 1538, 44 L.Ed.2d 1. Thereafter, Colonial voluntarily dismissed its claim for refund in each of these consolidated actions.
On May 8, 1975, the Collector filed a reconventional demand in three of these consolidated cases for attorney fees under La.R.S. 47:1512. At the same time, the Collector substituted private counsel in suits number 11,531 and 11,533. In suit number 11,532 private counsel had filed the original answer. The fourth suit number 11,534 was initiated by the Collector against Colonial for attorney fees.
The matters were submitted to the Trial Court on stipulations of facts which included a stipulation that the Collector had employed private counsel to represent him in each of these cases. The stipulations further provided:
"The sole issue presented to the court is one of law, that is:
`Whether pursuant to R.S. 47:1512, the tax debtor is liable for an additional charge for attorney fees, in the amount of ten per centum (10%) of the taxes, penalties and interest remitted to the collector under protest pursuant to R.S. 47:1576.'"
The Trial Court dismissed the reconventional demands of the Collector in suits *729 number 11,531, 11,532 and 11,533 and sustained the peremptory exception of no cause of action in suit number 11,534. We affirm.
La.R.S. 47:1512 provides:
"The collector is authorized to employ private counsel to assist in the collection of any taxes, penalties or interest due under this Sub-title, or to represent him in any proceeding under this Sub-title. If any taxes, penalties or interest due under this title are referred to an attorney at law for collection, an additional charge for attorney fees, in the amount of ten per centum (10%) of the taxes, penalties and interest due, shall be paid by the tax debtor."
La.R.S. 47:1576 provides a method for payment under protest of a disputed tax and further provides a remedy at law for recovery of such amounts paid where the application of the disputed tax to that particular taxpayer is invalid.
In Parish of Calcasieu, Calcasieu Par. Pol. J. v. Traigle, La.App., 296 So.2d 418 (1st Cir. 1974) (hereinafter referred to as Calcasieu), the Court held:
"`To arrive at the intent of the Legislature in enacting R.S. 47-1512, said statute must be construed in pari materia with R.S. 47:1576, the payment under protest article. Pertinent also is La. Const. Art. 10, Sec. 18, which provides:
"`The Legislature shall provide against the issuance of process to restrain the collection of any tax and for a complete and adequate remedy for the prompt recovery by every taxpayer of any illegal tax paid by him.'" (Emphasis Added.)
"From this constitutional mandate, R.S. 47:1576 came forth affording:
"`. . . a legal remedy and right of action . . . for a full and complete adjudication of any and all questions arising . . . as to the legality of any tax accrued or accruing or the method enforcement thereof.'"
"Payment under protest was envisioned as a method by which a person could contest any assessment of taxes against him and have access to prompt recovery of any illegal tax paid by him."
"`Herein, the Collector would have a taxpayer who pays under protest be adjudged liable for attorney fees the same as a recalcitrant taxpayer who refuses to pay in any manner whatsoever the taxes found due by the Collector, forcing the Collector to sue "for collection" of such assessments.'"
"`In this case, certain sums have been paid under protest; it is argued by the Collector that they are not "paid" but only conditionally "paid under protest." Perhaps, but when La.R.S. 47:1576 is comported with the purposes and policies inherent in La.R.S. 47:1576, it is a salutary conclusion that the wording "for collection" in La.R.S. 47:1512 equates the absence of a payment under protest.'"
"`Buttressing such conclusion is the fact that the attorney fees provided for in La.R.S. 47:1512 are, as regards the pertinent taxpayer, an imposition of penalties. It has long been held by the Courts of this State that penalties in civil matters are not favored and should not be imposed except in cases which are clear and free from any doubt.'" (Citations Omitted.) "`It has further been recognized, in Quality Contractors Inc. v. State Licensing Board for Contractors, 206 So.2d 738 (La.App. 1st Cir. 1968), that:
"`. . . it is the law of this state that statutes imposing penalties must be strictly construed and all doubt must be resolved against the imposition of the penalty. Tichenor v. Tichenor, 190 La. 77, 181 So. 863 (1938).'" "206 So.2d at 740."
The Collector contends that the Calcasieu case was decided on a finding of fact and that, therefore, the above quoted portion of the case is dictum. Assuming that the Collector is correct, we agree with the quoted rationale of that case and with the case of L. A. Frey & Sons v. Lafayette Parish School Board, La.App., 262 So.2d 132 (3rd Cir. 1972).
*730 The Collector further contends that we should follow the decision on attorney's fees as was reached in Chicago Bridge & Iron Company v. Cocreham, Collector of Revenue, La.App., 303 So.2d 750 (1st Cir. 1974). However, the Louisiana Supreme Court subsequently reversed the judgment of the Court of Appeal, held that the tax was not owed by the taxpayer, and thereby rendered nugatory the Court of Appeal decision regarding attorney fee. 317 So.2d 605. The United States Supreme Court denied certiorari, Collector of Revenue v. Chicago Bridge & Iron Company, 424 U.S. 953, 96 S.Ct. 1427, 47 L.Ed.2d 359 (1976).
Contrary to what the Collector contends, "payment under protest," albeit a qualified payment, is nevertheless, a payment. The taxpayer relinquishes his right to the use and control over his money and retains only a contingent interest in obtaining a refund of it in the event that the tax is subsequently declared illegal. Further, the term "payment," by definition, precludes any "collection."
It is also relevant to note that the Collector asserts no claim for interest on the amount of the disputed assessment. La. R.S. 47:1601 provides in part as follows:
"When any taxpayer fails to pay any tax, or any portion thereof, due under the provisions of this Subtitle on or before the day when it shall be required by law to be paid, there shall be added to the amount of tax due, interest at the rate of one per centum per month from the due date until paid, . . . Such interest shall be an obligation to be collected and accounted for in the same manner as if it were part of the tax due and can be enforced in a separate action or in the same action for collection of the tax, and shall not be waived or remitted."
However, in these cases, all parties apparently agree that interest could not be exacted from a taxpayer who chooses to exercise the remedy of payment under protest to contest the legality of a tax imposed upon him. The Collector apparently considers "payment under protest" as provided for in R.S. 47:1576 as sufficient "payment" for purposes of R.S. 47:1601, but not "payment" for purposes of R.S. 47:1512. The same "payment" should be treated alike for both R.S. 47:1601 and R.S. 47:1512. If they are not so treated, then R.S. 47:1576 would be a meaningless provision and the legislative intent to provide a taxpayer with a remedy to contest the legality of a tax as mandated now by Article 7, Section 3 of the Louisiana Constitution of 1974 would be defeated.
While it is true that R.S. 47:1576 provides a procedure for judicial review of the legality of the assessment, it cannot be disputed that R.S. 47:1576 also specifically provides a method by which a taxpayer can satisfy his tax obligation to the state by payment. We believe the legislature has specifically provided that, under R.S. 47:1576, the taxpayer in special circumstances may satisfy his tax liability with a qualified payment which will stand in the place of a payment in full until the legality of the tax has been determined. And only in that sense is it not a payment in full without strings attached. A taxpayer should not be penalized for the exercise of his legally permissible right as mandated in our own constitution and laws.
The legislature enacted R.S. 47:1576 as the solution of an important problem arising from the conflict between the necessity of the State having an efficient unhampered tax collection system while at the same time affording to the taxpayer a remedy to contest the legality of the tax which is assessed against him without penalizing him.
Finally, as found in Calcasieu and supported by the weight of the jurisprudence, imposition of attorney fees is penal in nature, is not favored and should not be imposed except in cases which are clear and free from any doubt.
We, therefore, hold that a taxpayer who has paid a tax under protest pursuant to R.S. 47:1576 can not be liable for attorney's fees and that R.S. 47:1512 has no application to such a situation.
The judgment dismissing the reconventional demand of the Collector is affirmed.
AFFIRMED.
*731 COVINGTON, J., dissents for reasons set forth by this Court in Chicago Bridge & Iron Company v. Cocreham, La.App., 303 So.2d 750.