## V

For the reasons stated, the judgments appealed from are AFFIRMED.

R. Lee McDaniel, Dan C. Garner, New Orleans, La., for plaintiff-appellant.

John C. Combe, Jr., John G. Gomila, Jr., New Orleans, La., for W. T. Grant & Liberty Mut.

Before THORNBERRY, AINSWORTH and MORGAN, Circuit Judges.

AINSWORTH, Circuit Judge:

In this Louisiana diversity action, Riley Dubroc appeals the district court's order denying his motion for attorneys' fees. We affirm.

Dubroc purchased a swivel chair from appellee W. T. Grant and Company (Grant). He used the chair, assembled by Grant, for several weeks, until it collapsed, causing him personal injuries. Dubroc filed suit against Grant and the chair's manufacturer. According to the evidence at trial, in assembling the chair Grant had not properly installed two bolts designed to hold together the chair's top and bottom parts. In response to the trial judge's interrogatories, the jury found that a defect in the chair

**Riley DUBROC, Plaintiff-Appellant,**

v.

**W. T. GRANT AND COMPANY et al., Defendants-Appellees.**

No. 76–3613.

United States Court of Appeals, Fifth Circuit.

March 15, 1979.

attributable to Grant was the proximate cause of Dubroc's accident and that $105,000 would "fairly and reasonably compensate" him for the consequent damages. By agreement of the parties, the issue whether Dubroc, if successful, would also recover attorneys' fees was reserved to the court for decision at trial's end. After receiving memoranda from the parties and conducting a hearing, the district judge denied Dubroc's motion for attorneys' fees.

Under Louisiana law, "[i]t is well recognized . . . that as a general rule attorney's fees are not allowed except where authorized by statute or contract." *Maloney v. Oak Builders, Inc.*, 1970, 256 La. 85, 235 So.2d 386, 390. Dubroc asserts that he is entitled to attorneys' fees under La.Civ. Code Ann. Art. 2545, which provides that

> [t]he seller, who knows the vice of the thing he sells and omits to declare it, besides the restitution of price and repayment of the expenses, *including reasonable attorneys' fees*, is answerable to the buyer in damages. (emphasis added)

Art. 2545 is one of a series of statutes establishing the remedy of "redhibition," which is "the avoidance of a sale on account of some vice or defect in the thing sold, which renders it either absolutely useless, or its use so inconvenient and imperfect, that it must be supposed that the buyer would not have purchased it had he known of the vice." La.Civ.Code Ann. Art. 2520. Although Dubroc averred, in his third amended complaint, that the facts set forth in the original complaint "sound a cause of action in redhibition," his original complaint asserted negligence on the part of Grant and the chair's manufacturer and he recovered damages for personal injuries caused by a defect in the chair attributable to Grant. Reading Art. 2545, it is unclear whether that statute allows recovery of attorneys' fees, not only in redhibitory actions, but also to successful plaintiffs in personal injury suits. The parties have not cited, nor have we found, any decision by a Louisiana court resolving this issue. However, we conclude that the district court did not err in denying Dubroc's motion for attorneys' fees.

First, the inclusion of the attorneys' fees provision in the section of the Civil Code detailing the remedy of redhibition, though not dispositive, suggests that the legislature intended to limit the possible recovery of attorneys' fees to redhibitory actions. Second, the language of Art. 2545 also tends to support this view. The statute says that "besides the restitution of price and repayment of the expenses, including attorneys' fees," certain sellers are "answerable to the buyer in damages." The phrase "including attorneys' fees" is thus linked to price restitution and repayment of expenses, both of which are peculiar to an action for redhibition, rather than to the recovery of damages, which might be available under a variety of remedies. Third and most important, we are mindful that in Louisiana the "imposition of attorney's fees is penal in nature, is not favored and should not be imposed except in cases which are clear and free from any doubt." *Colonial Pipeline Co. v. Traigle*, La.App., 1977, 353 So.2d 728, 730; *Schwegmann Bros. Giant Super Mkts., Inc. v. Mouton*, La.App., 1975, 309 So.2d 686, 693; *Viator v. Haynesville Mercantile Company, Inc.*, 1956, 230 La. 132, 88 So.2d 1, 4. As the foregoing discussion illustrates, this is not such a case. Because we cannot say that the recovery of attorneys' fees here is "clearly authorized" by Art. 2545, *Fuchs v. LaBruyere*, La.App., 1971, 242 So.2d 349, 350, we affirm the district court's order denying Dubroc's motion.

AFFIRMED.