Dear Commissioner Laborde:
You have requested the opinion of the Attorney General concerning Senate Concurrent Resolution No. 223, your request has been directed to me for consideration and response. The question you ask requires an interpretation of the wording of two sections of the Minimum Foundation Program Elementary and Secondary Education Cost Distribution Formula ("MFP formula") as prepared by the State Board of Elementary and Secondary Education ("BESE") and approved by the Legislature in Resolution No. 223. That portion of the MFP formula which is of concern reads as follows:
4. Weight for Secondary Vocation Education Students
 Base per Number of Additional Cost pupil x .10 x Sec. Voc.= For Secondary amount Students Voc. Students
5. Weight for Extended Year/Summer Remediation Students
 Base per Number of Additional Cost pupil x .10 x Students in Ext.= For Ext. amount Year/Summer Rem. Year/Summer Rem.
Louisiana Constitution (1974) Article 8, Section 13 provides for the MFP formula which is to be used to determine the cost of a minimum foundation program of education in all public elementary and secondary schools of this state. This formula is to be developed and adopted annually by BESE and then approved by the Legislature.
Resolution No. 223 contains the MFP formula for the 1992-93 school year as approved by the Legislature. Traditionally, the Legislature has approved the MFP formula by concurrent resolution. A concurrent resolution in most circumstances is utilized to adopt or change joint rules of the Legislature, grant authority for late introduction of bills, and express legislative intent. See Citizen's Guide to the 1992 Louisiana Legislature, Public Affairs Research Council of Louisiana, Inc., p. 123. In certain instances, a concurrent resolution has the force and effect of law, such as where the resolution suspends the law. La. Const. (1974) Art. III, Section 20. It has been and remains the opinion of this office that the concurrent resolution approving the MFP formula is a legislative enactment with the force and effect of law because its passage is constitutionally mandated and, therefore, rules of statutory construction should apply in interpreting Resolution No. 223. Attorney General's Opinion No. 92-661.
For purposes of statutory interpretation, the Louisiana Civil Code Article 9 provides:
 When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature.
The Louisiana Supreme Court, in applying LACC Article 9, held that there was no justification for considering the comments to a statutory enactment where the statute was clear and unambiguous and its application did not lead to absurd consequences. Further, in applying this principle of statutory construction it has been stated, "where a statute is unambiguous and meaning and intent of Legislature is clear, statute must be enforced as written and courts must not, under guise of construction, rewrite it to express their views of what they think the statute ought to say. Skinner v. Boise Southern Co.,364 So.2d 223 (La.App. 3d Cir 1978), Winzer v. Lewis, 251 So.2d 650
(La.App. 2d Cir. 1971), writ refused 253 So.2d 379 (La. 1971); Quality Contractors Inc. v. State Licensing Bd. for Contractors, 206 So.2d 738 (La.App. 1st Cir. 1968). Also, see Vining v. Democratic Exec. Com. For 32nd Rep. Dist., 204 So.2d 801
(La.App. 2d Cir. 1967) (holding that in the interpretation of a statute its meaning must be sought in language employed, and if such language be plain, courts must enforce law as written).
Applying LACC Article 9 and the relevant jurisprudence to the case at hand, there is no reason to go outside of the wording of Resolution No. 223 to find the Legislature's intent behind its enactment. The language clearly states that for the purposes of Weight for Secondary Vocational Education Students the "Base per pupil amount" is multiplied "x" .10 and then is again multiplied "x" the "No. of Secondary Vocational Students" (the term "No." being abbreviated in lines 4 and 5 of the formula although it is spelled out fully in lines 2 and 3 of the formula). Likewise, to determine the weight for Extended Year/Summer Remediation Students it is the "No. of Students in Extended Year/Summer Remediation" which is used in the formula.
The language employed by the Legislature clearly and unambiguously requires that the number of students be counted for purposes of these calculations and not the units taken by each student. Absent a clear expression of the Legislature's intent to the contrary, this language must be read in the manner in which it was written, without going outside of the Resolution itself.
It is therefore the opinion of this office that the language "No. of Students" in lines 4 and 5 of the MFP formula must be construed as such, not as "number of units" taken by students in these programs.
I hope that this sufficiently addresses your concerns. If you require any further assistance, please feel free to contact this office.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: BETH A. CONRAD Assistant Attorney General
RPI/BAC:pab 0255p