**72 So.2d 513**

### GUILLOT v. NUNEZ.

No. 41596.

March 22, 1954.

Rehearing Denied April 26, 1954.

L. H. Perez, New Orleans, Dist. Atty., and Rudolph M. McBride, New Orleans, Wm. F. Roy, Jr., Arabi, Assts. to the Dist. Atty., and Elven E. Ponder, Baton Rouge, for appellants.

Claude W. Duke, New Orleans, for defendants-appellees.

McCALEB, Justice.

Plaintiff, the owner of two gambling slot machines, instituted this proceeding against the Clerk of Court of St. Bernard Parish to enjoin him from destroying these devices or delivering them to the Superintendent of the Division of State Police, Francis Grevemberg, his agents or officers. The machines had been previously seized by the state police in two raids conducted on business establishments situated in St. Bernard Parish and were thereafter deposited with the Clerk of Court for safekeeping pending the issue of their summary destruction. It is claimed by plaintiff that confiscation of the machines is no longer authorized because Act No. 231 of 1928 (now LSA–R.S. 15:26.1), the law making it compulsory for state officers to destroy them, has been repealed either expressly or by implication by Act No. 6 of 1948 (now LSA–R.S. 47:375) which amended the occupational license tax law, Act No. 15 of the Third Extra Session of 1934, so as to impose a tax on persons engaged in the business of operating gambling slot machines and other coin mechanical devices. And he further contends that, if it is found that Act No. 6 of 1948 did not repeal Act No. 231 of 1928, then the latter, by ordering the summary destruction of slot machines, effects an unconstitutional taking of his property without due process of law.

On the showing thus made, the judge issued a temporary restraining order and, following the hearing on a rule nisi, he granted a preliminary injunction, being of the opinion that Act No. 231 of 1928 was repealed by Act No. 6 of 1948 and also that

the former was violative of Section 2 of Article 1 of the State Constitution and the Fourteenth Amendment of the Federal Constitution in that it deprived plaintiff of his property without due process of law.

The Clerk of Court and the Superintendent of the Division of State Police, who intervened in the proceedings, have appealed from the adverse decision.

Act No. 231 of 1928 makes it the mandatory duty of all state officers "to confiscate and immediately destroy all gambling devices known as slot machines that may come to their attention, or that they may find in operation". In Schimpf v. Thomas, 204 La. 541, 15 So.2d 880, it was ruled that this statute, by its very terms, authorized the summary destruction of all gambling slot machines whether they were found to be in operation or not. And, in State v. Ricks, 215 La. 602, 41 So.2d 232, 233, it was held that the act, having for its object the suppression of slot machines designed for gambling purposes, had outlawed these devices as contraband; that, since they were things which the Legislature considered to be obnoxious to the public morals, they were not susceptible of ownership and that, accordingly, their destruction without a hearing did not constitute a taking of property without due process of law.

Plaintiff does not seriously challenge the soundness of the decision in the Ricks case.[1] On the contrary, relying on a concession in that opinion that, if gambling slot machines are property susceptible of ownership, then Act No. 231 of 1928 would be "violative of the constitutional guarantee of due process", he asserts that the act ordering their summary confiscation has been repealed by Act No. 6 of 1948 or is unconstitutional because the later act treats slot machines as property and recognizes in the possessors thereof certain legal rights of ownership.

Act No. 6 of 1948 amended Section 20 of Act No. 15 of the Third Extra Session of 1934 (the State occupational license tax law) as previously amended by Acts Nos. 5 of the First Extra Session of 1935, 429 of 1938, 125 of 1940, 166 of 1942 and 175 of 1944, to provide for the payment of an occupational license tax by all persons engaged in the business of operating slot machines or permitting them to be operated in their place of business. The tax assessed is $100 on each slot machine but it is stipulated in the Act that payment of the tax "shall not be held to legalize the operation of any machine or device defined herein which is prohibited by law" and that "This subsection shall not be held to repeal any provisions of any law prohibiting the operation,

1. However, he asserts, as a final alternative, that the provisions of Act No. 231 of 1928 may be regarded as taking his property without due process of law and cites, in support of this suggestion, an observation to that effect from one of the dissenting opinions in Schimpf v. Thomas, 204 La. 541, 15 So.2d 880. It suffices to say that the court has held otherwise in State v. Ricks.

possession or use of any such machine or device".

It seems clear that the above quoted clause repels any idea of an implied repeal of Act No. 231 of 1928 for that act, by making gambling slot machines the subject of immediate confiscation and destruction, effectually prohibits the use and possession of those devices.

However, counsel for plaintiff asserts, and the district judge holds, that there are other provisions in Act No. 6 of 1948 which are so contrary to the object and purpose of Act No. 231 of 1928 that it is impossible for both acts to stand together and that, perforce, the later statute must be regarded as repealing the prior law. In this connection, reference is made to paragraph (h) of Section 20 of the license tax law, as amended by Act No. 6 of 1948, which provides the procedure for enforcement of the collection of the tax levied on all coin machines. This paragraph declares in substance that any machine subject to tax under the section, on which the tax has not been paid, may be seized by the Collector of Revenue; that the Collector is to appraise the machine and then deliver to the person or persons in whose possession it was found a receipt showing the fact of seizure, a description of the machine, etc.; that all proceedings to enforce the forfeiture of the machine shall be by rule and in rem; that the person operating or permitting the operaton of the machine be given notice of the forfeiture proceeding; that he be permitted to make a

defense and that, if the defense is not maintained, the Court shall declare the forfeiture of the seized property and order its sale at public auction by the Sheriff of the Parish in which the proceeding is had.

It is argued, on behalf of plaintiff, that the foregoing provisions exhibit the intention of the Legislature to treat gambling slot machines as property subject to private ownership and that, in view of our decision in Giamalva v. Cooper, 217 La. 979, 47 So. 2d 790, in which we ruled that Act No. 6 of 1948 was constitutional, it follows that the statute necessarily repeals Act No. 231 of 1928 because the validity of that Act, as announced in the Ricks case, is sustainable only upon the theory that gambling slot machines are contraband.

The contention that Act No. 6 of 1948 repeals by implication Act No. 231 of 1928 is a matter of no consequence in the ultimate determination of this case for the reason that both Act No. 231 of 1928 and the occupational license tax law (Act No. 15 of the Third Extra Session of 1934, as variously amended) were expressly repealed by Section 2 of the LSA–Revised Statutes of 1950, the substance of those acts being incorporated as part of the Revised Code of laws. Act No. 231 of 1928 became LSA–R.S. 15:26.1 and Section 20 of Act No. 15 of the Third Extra Session of 1934, as amended by Act No. 6 of 1948, became LSA–R.S. 47:375. When these provisions were embodied in the Revised Statutes, they stood on a parity with each other and,

this being so, it would be impossible to hold that one provision had the effect of repealing the other. Chappuis v. Reggie, 222 La. 35, 62 So.2d 92; Babineaux v. Lacobie, 222 La. 45, 62 So.2d 95 and State ex rel. Fudickar v. Heard, 223 La. 127, 65 So.2d 112, 114.

In State ex rel. Fudickar v. Heard, we were asked to reconsider our rulings in the Chappuis and Babineaux cases, it being there contended that, in determining the intention of the Legislature with respect to statutes which had been reenacted as part of the Revised Statutes, we should consult the original acts for the purpose of ascertaining whether or not one of the statutes in contest had been repealed by the other. But we rejected this argument, stating that:

> "It is to be remembered that the Revised Statutes constitute a single act of the Legislature, adopted as a whole; different sections should be regarded not as separate acts, but as simultaneous expressions of the legislative will, and all provisions should be construed together and reconciled whenever possible. In adopting the Revised Statutes of 1950, the Legislature incorporated both LSA–R.S. 42:371 and 42:373, giving equal dignity to each; we must take them as written, and not search through the history of the acts carried into the Revised Statutes for defects, when a reading of the sections, disassociated from their history, presents no insuperable difficulty of construction." [2]

■ Accordingly, since we regard the acts as reenacted in the Revised Statutes to be of equal dignity, the question remains as to what effect the provisions of LSA–R.S. 47:375, respecting the seizure, notice, hearing and sale of gambling slot machines upon which the taxes have not been paid, have upon LSA–R.S. 15:26.1, making it the mandatory duty of all officers to confiscate and immediately destroy all such devices that may come to their attention. This question might have been most perplexing, despite the announced legislative intent contained in paragraph (F) of LSA–R.S. 47:375, that the levy of the tax should not be considered as repealing any law prohibiting the operation, possession or use of slot machines, but for the circumstance that the legisla-

2. In insisting that Act No. 6 of 1948 impliedly repeals Act No. 231 of 1928, despite the fact that both acts have been incorporated in the Revised Statutes, counsel for plaintiff cite the case of State v. St. Julian, 221 La. 1018, 61 So.2d 464, where it was held that, in interpreting legislative intent as to contradictory provisions contained in Acts Nos. 158 and 303 of 1952, LSA–R.S. 15:179 to 15:182, the later act must be held to impliedly repeal the former, being the last expression of legislative will. The doctrine of that case is inapplicable. There, the court was dealing with two separate acts passed by the Legislature at the same session, whereas here, the alleged incongruity occurs in a single act adopted by the Legislature. In the latter instance, there is no basis for saying that one section of a particular title of the Revised Statutes effects any sort of an implied repeal over another section under a different title.

ture itself, soon after the adoption of the Revised Statutes, detected that the procedural provisions of LSA–R.S. 47:375 might be viewed as being in diametrical contrast to the mandate of LSA–R.S. 15:26.1 and, to obviate such an interpretation, it amended LSA–R.S. 47:375 by changing the procedure to be taken by the Collector in enforcing the payment of the tax levied on gambling slot machines. The Revised Statutes were adopted at a special session of the Legislature which convened on March 5th 1950 and adjourned on March 16th 1950. Less than two months later, at the regular session of the Legislature, LSA–R.S. 47:375 was amended by Act No. 105 of 1950 to provide in paragraph (K) thereof that any gambling slot machine, seized for nonpayment of the taxes imposed on the operator or owner by paragraphs (F) and (G) of the section, may be opened and the money or coins contained therein extracted, such money to be forthwith credited against the taxes due. And it was further declared that:

> "*  *  * After so extracting and crediting the money or coins found in the seized machine the collector shall forthwith turn the machine over to the sheriff or city police, or other police official having jurisdiction over the locality within which the seizure of the machine or device was effected *so that said police official can dispose of such machine or device as is provided by law.*" (Emphasis ours.)

Thus, the design of the Legislature is explicit; it has in no wise, by levying a tax on the illegal business of operating gambling slot machines, ever intended to lift those devices from the category of contraband to the status of property capable of private ownership, notwithstanding the seeming variance of provision originally contained in LSA–R.S. 47:375. That apparent discord was almost immediately discovered and rectified by the amendment passed at the Regular Session of 1950.

■ The judge, in his opinion, takes cognizance of the procedural change effected by Act No. 105 of 1950, respecting the forfeiture of gambling slot machines. But he reasons that the amendment accomplished naught because Act No. 231 of 1928 had been already repealed or stricken with constitutional nullity by the 1948 act and that the amendatory statute of 1950 could not revive it in view of LSA–R.S. 1:15 and Article 23 of the LSA–Civil Code, providing that the repeal of a repealing law shall not revive the first law.

This resolution completely overlooks the fact that Act No. 231 of 1928, as well as the occupational license tax statute, was reenacted as part of the Revised Statutes of 1950. Because of this, LSA–R.S. 1:15 and LSA–Civil Code, Article 23 are obviously without pertinence to the case.

■ The judgment appealed from is annulled and reversed and plaintiff's suit is dismissed at his costs. It is now ordered

that Anthony B. Nunez, Clerk of the Twenty Fifth Judicial District Court for the Parish of St. Bernard forthwith deliver to Francis C. Grevemberg, Superintendent of the Division of State Police, his agents and employees, the slot machines in his possession for destruction in accordance with the laws of this State.

HAMITER, J., concurs in the decree.