PONDER, Justice.
The plaintiffs, claiming to be and admittedly owners of 313 slot machines, seized by the Sheriff of Vernon Parish with the intention of destroying them, seek to be decreed the owners of the machines and seek injunctive relief to prevent the sheriff from destroying them.
At the time the sheriff seized the slot machines they were stored in a warehouse in the Town of Leesville, Vernon Parish, having been in storage for two years or more awaiting the permission of the authorities to ship them to the State of Nevada. They were not being operated as gambling devices or otherwise in use at the time they were seized and had not been in use or operated for more than two years. They were so manufactured, designed and constructed as to be capable of being used as gambling devices, if in proper state of repair and working order, and are what are commonly called slot machines. The plaintiffs paid property taxes on these machines for the years, 1949 and 1950. The plaintiffs were not dealers in handling these machines, but were operators and were trying to liquidate a former business and had no intention of' operating any slot machines in Louisiana.
Upon hearing of a rule nisi, issued in. pursuance to plaintiffs’ petition, the rule and the case on- its merits were submitted together on the agreed statement of facts, hereinabove set out. The lower court gave judgment recalling the rule, rejecting plaintiffs’ demands and ordered the sheriff to destroy the machines. The plaintiffs-have appealed.
Counsel for the plaintiffs contends that Act 231 of 1928, now LSA-R.S. 15:26.1, is impliedly repealed by Par. (K) of Section 375 of Act 105 of 1950, insofar as it. authorizes the destruction of slot machines-not in operation. He takes the position that only slot machines which are being operated or held for operation can legally be confiscated and destroyed.
In the case of Schimpf v. Thomas, 204 La. 541, 15 So.2d 880, the plaintiff, who had. been convicted of gambling, sought to in-join the Sheriff of Jackson Parish from destroying slot machines seized by the sheriff in a warehouse. Counsel for that, plaintiff contended that the sole question presented was whether or not the sheriff, had authority to destroy machines not in. operation and which had not been in operation and not stored in a place of any business of any kind or nature. Counsel, argued that since the machines were not in. operation at the time they were seized that, the sheriff should be prohibited from, destroying them. This Court after citing-Section 1 of Act 231 of 1928 stated that there was no merit in the argument and. *377 that under the precise language of the statute if such machines came to the attention of the officers they must be confiscated whether they were being operated or not.
In the case of State v. Ricks, 215 La. 602, 41 So.2d 232 it was held that slot machines were outlawed as contraband and were not susceptible of ownership and therefore their destruction without a hearing did not constitute a taking of property without due process of law.
In the case of Giamalva v. Cooper, 217 La. 979, 47 So.2d 790, we held that the imposition of an occupational license tax on slot machines, Act No. 6 of 1948, did not legalize the operation of machines prohibited by law and that the state may tax what it prohibits.
Act 231 of 1928 was incorporated in the Revised Statutes of 1950 and became LSA-R.S. 15:26.1 and Act 6 of 1948 was also incorporated in the Revised Statutes of 1950 and became LSA-R.S. 47:375.
In the case of Guillot v. Nunez, 225 La. 301, 72 So.2d 513, 517, it was contended that the confiscation of slot machines was no longer authorized because Act 231 of 1928 (now LSA-R.S. 15:26.1), the law making their destruction compulsory, had been repealed either expressly or by implication by Act 6 of 1948 (now LSA-R.S. 47:375) which imposed a tax on persons engaged in the business of operating slot machines. We stated therein that since both of these statutes were incorporated in the Revised Statutes of 1950 that they stand on a parity with each other and it would be impossible to hold that one provision had the effect of repealing the other, citing decisions of this Court holding to that effect. The question that might have given us some concern in that case was the procedural provisions for the enforcement of the payment of the tax had it not been rectified by an amendment thereafter passed at the Regular Session of the Legislature of 1950, Paragraph K, Section 375 of Act 105 of 1950. Under this later amendment when the machines are seized for nonpayment of tax, the money found therein is extracted and they are turned over to an enforcement officer to be disposed of as provided by law. In this same act it is provided that the payment of the tax shall not be held to repeal any provision of law prohibiting the operation, possession or use of any such machine or device. See Paragraph F, Section 375, Act 105 of 1950.
It is stated in the case of Guillot v. Nunez, supra, after discussing LSA-R.S. 15 :26.1, LSA-R.S. 47:375 and Paragraph K of Section 375 of Act 105 of 1950 that:
“Thus, the design of the Legislature is explicit; it has in no wise, by levying a tax on the illegal business of operating gambling slot machines, ever intended to lift those devices from the category of contraband to the status of property capable of private ownership, notwithstanding the seeming variance of provision originally contained *379 in LSA-R.S. 47:375. That apparent discord was almost immediately discovered and rectified by the amendment passed at the Regular Session of 1950.”
It would appear that this answers the contention urged herein and that slot machines are contraband and not property capable of private ownership. Therefore, under the express provisions of the statute they shall he destroyed whenever they come to the attention of an officer whether they are in operation or not.
For the reasons assigned, the judgment is affirmed at appellants’ cost.