FRUGÉ, Judge ad hoc.
On or about August 1, 1957 officers of the State Police acting under order of the Superintendent of State Police defendant herein, confiscated 3 console type machines from the plaintiff’s place of business in the Parish of Jefferson, State of Louisiana, purportedly under the Authority of Act 231 of 1928 and transported the said machines to State Police Headquarters at Baton Rouge, Louisiana, where they have continuously since that date remained under the custody and control of the defendant herein. Subsequently, this suit for a declaratory judgment was brought by Hugh Snell who alleged he was the owner of said machines. In his suit he asked the Court for a Declaratory Judgment to the effect that the machines in question were not slot machines but solely amusement devices. On December 17, 1957, judgment was rendered declaring the machines to be slot machines within the meaning of LSA-R.S. 15:26.1 and from said judgment the plaintiff-appellant has appealed suspensively.
*243 The only question presented to the lower Court and the only question before this Court at this time is whether or not the machines are slot machines within the in-tendment of LSA-R.S. 15:26.1.
Plaintiff’s contention is that in the instant case, two of the machines were of the Reel or Cylinder variety commonly known as the Buckley Race Horse Machines and from which machines the entire payout mechanism consisting of the tubes, relays, switches and solenoids had been removed, and the draw on the cabinet had been removed and welded, so that it would be impossible to have any automatic payouts. He further contends that the third machine is a Keeney Race Horse machine which did not have drums and reels but operated by means of electrical impulses with no payout mechanism in it. Further that this machine moved in interstate commerce and does not violate the provisions of Title 15 U.S.C.A. § 1171.
Plaintiff further contends that in order to convert the instant machines into gambling devices that many hours of work would be required.
The record shows that the expert that testified on behalf of the appellant had approximately 10 years experience. He testified that he helped to convert the first two machines referred to above. Further that he would be unable to get the necessary parts required to reconvert them into gambling devices with automatic payoffs. That the parts are not manufactured in Louisiana and that it would be against the law to have them transported in interstate commerce. That the third machine had no automatic pay-off mechanism when acquired and that the same situation would develop if an attempted conversion was made. The witness testified that in his opinion it would take from 38 to 40 hours if he had the parts.
The State used William H. Nunn as its expert and incidentally this is the same witness relied upon by the State in the Thoman case (229 La. 529, 86 So.2d 181). He confirmed the testimony of the appellant’s witness but stated that if he had the parts, although he did not know where he could obtain them, other than manufacture them or have them manufactured, that he believed it would take him one day to install them in order to make the machines automatic pay-off devices or slot machines. It is in evidence that parts could be secured in the State of Nevada.
The question involved in this appeal is whether or not the three coin insertion machines involved in this suit are slot machines within the intendment of LSA-R.S. 15:26.1. The machines were physically present in the lower Court, were operated, explained and described by the two expert witnesses called, and were observed by the trial judge. The question presented for decision is solely whether these machines meet the test of being slot machines as that term is defined in Louisiana and Federal jurisprudence.
The machines involved are coin insertion machines and there is no skill exercised by the player in playing them. After the player deposits his initial coin or coins, it is possible for him to secure free games on the machines and it is possible for him to cash in these free games for an over-the-counter pay-off because the record shows that these free games may be can-celled, erased and removed from the machines by merely pressing a button located in the rear of the machines.
In the case of Thoman v. Grevenberg, 1956, 229 La. 529, 86 So.2d 181, 182, 183, the Supreme Court of Louisiana decided the case involving free play machines without automatic pay-off attachments. In that case the effort was made to convince the Court that the machines were for amusement purposes only. However, the Court found no merit in this contention and stated that this argument was eloquently answered in the case of State v. Ricks, 215 La. 602, 41 So.2d 232, 233. In the Ricks case the argument was also raised that since the machines involved were not *244 fixed to pay off automatically that they, therefore, were not slot machines. The Court, 86 So.2d at page 183 (Thoman case) held as follows:
“The first point that the slot machine is not of the type described by Act No. 231 of 1928 is predicated upon the notion that, because the machine is mechanically arranged so that it does not automatically eject the prizes that may be won by the player, it is not per se a gambling device.
“The argument cannot be sustained. The evidence shows that the machine was used for gambling; that it has all the characteristics of a slot machine, other than the automatic ejection of money or tokens redeemable in money or property, or rather, it has been so fixed that it cannot pay off automatically (but it may be converted into an automatic pay-off machine within a short space of time by a qualified mechanic). The statute has for its purpose the immediate confiscation of ‘all gambling devices known as slot machines * * * It is difficult to discern that the plugging of the automatic pay off has the magical effect of placing the machine beyond the pale of the law.”
In the case of Killian v. Kraft, 226 La. 374, 76 So.2d 401, it was held that the fact that the machines involved were not in operation at the time of seizure did not prevent them falling within the provisions of LSA-R.S. 15:26.1. The machines involved in that case were not even in use at the time that they were seized and had not been in use for a period of more than two years. However, the Court held that they were so designed as to be capable of being used as gambling devices, if in proper state of repair and working order and that they were what is commonly called “slot machines.”
The distinction at issue is the element of time necessary to convert these machines into automatic pay-offs. In the case at bar it takes up to 40 hours and perhaps less for a competent mechanic to do so. In the cases heretofore decided by the Supreme Court it took a matter of minutes to remove the plug in order to restore the machines to good working order.
We see no error in the opinion of the District Court and for these reasons the judgment is affirmed.
Affirmed.