MELVIN J. DURAN, Judge Pro Tem.
An automobile registered in the name of Curley Brown, but driven by Edna Martin, was involved in an accident. It was subsequently discovered that Curley Brown was deceased, and a representative of his estate had sold the automobile to Edna Martin prior to the accident. The suit was dismissed as to Brown. After a trial on the merits, judgment was rendered against Edna Martin on October 15, 1971. The record contains her deposition taken on February 15, 1971, and in it she testified that she was married to Charles W. Martin; her maiden name was Ridley; and at the time of the accident her five children (all with the name of Martin) were with her in the automobile. She made application for a new trial, alleging no cause of action on the ground that she was a married woman and her husband was the proper party defendant under C.C.P. Article 735. The application for a new trial was opposed and was denied. An appeal was taken but not properly lodged and the case was dismissed. The judgment against Edna Martin therefore became a final judgment.
The plaintiff then obtained a writ of fieri facias and garnisheed the salary of Edna Martin at her place of employment. She filed a motion to dissolve the garnishment on the ground that she was a married woman who was sued in her own name only, that the community of acquets and gains was in no way made liable in this lawsuit, and that her wages were community property. The rule to dissolve the writ of fieri facias and garnishment was made absolute. It is from that judgment, dissolving the writ of fieri facias garnisheeing the wages of Edna Martin, that this appeal was taken.
The only question for this court to decide is: was it error for the trial court to dissolve the writ of fieri facias garnisheeing the wages of Mrs. Edna Martin?
Under the circumstances of this case, we must consider the original judgment against Edna Martin as being her separate debt, one for which the community of acquets and gains between she and her husband is not liable. A married woman’s wages, while she is living with her husband, constitute community property. This is well settled law. See Fazzio v. Krieger, 266 La. 511, 76 So.2d 713; La. C.C. Arts. 2402, 2334. A wife’s earnings, being community property, are exempt from seizure enforcing payment of her separate debts. Commercial Credit Plan, Inc. v. Perry, 186 So.2d 900 (Cert. denied 249 La. 709, 190 So.2d 231). A judgment taken solely against a wife does not allow community property to be seized to satisfy it. R. D. M. Corporation v. Patterson, 225 La. 301, 230 So.2d 820. La.C.C. Art. 2334, 2402 and 2404.
The appellant argues that the wife is vested with title to one-half of all community property as stated in Phillips v. Louisiana, 160 La. 813, 107 So. 584; Messersmith v. Messersmith, 229 La. 495, 86 So.2d 169; U. S. Fidelity & Guaranty Co. v. Green, 252 La. 227, 210 So.2d 328, etc. He argues further that since she has a vested interest, that interest should be subject to seizure by her separate creditors. He extends his argument further by stating that since La.C.P. Article 686 confers upon the wife the right to sue for wages she has earned, those same wages should be subject to seizure by her separate creditors.
We find no merit to either argument. The cases cited relative to vested interest are not germane to the issue before this Court and La.C.P. Art. 686 merely confers upon the wife the procedural capacity to sue for wages she has earned. The previously cited Civil Code Articles and jurisprudence establishing the substantive rules of community property are not to be confused with the wife’s procedural capacity to sue for her wages as set forth in C.P. Art. 686.
The final argument appellant advances is that the appellee had the burden of proving, at the time of the garnishment, *306 that she was still married. We find little merit to this. The record contains evidence of Mrs. Edna Ridley being married to Charles W. Martin and of her having five children of this marriage. This was in the record before judgment was taken against her alone. This Court will not presume that the marriage was dissolved, or that she began living separate and apart from her husband between judgment date and the garnishment of her wages. The record discloses the existence of the marriage, and if we presume anything in this regard, we presume it still exists. The burden of proving that it does not lies with the appellant who attacks the marriage. See Employers Liability Assurance Corp. v. Carter, La.App., 227 So.2d 616.
The judgment appealed from is affirmed.
Affirmed.