SARTAIN, Judge.
Plaintiff, Mrs. Gertrude Louis, filed this tort action against defendant, Security Insurance Company of Hartford, the liability insurer of the Police Jury of Pointe Coupee Parish, on November 3, 1976. She alleged that her injury was sustained on November 1,1975. Defendant interposed an exception of prescription on the ground that a tort action must be brought within one year. C.C. Art. 3536. Plaintiff asserts that her action was timely because when the last day of the prescriptive period falls on a legal holiday the period runs until the end of the next day which is not a legal holiday. C.C.P. Art. 5059. It is undisputed that November 1, All Saints’ Day, is a legal holiday. R.S. 1:55(A)(1). The question for our determination is whether November 2, Election Day, is also a legal holiday. We hold that it is and that, therefore, plaintiff’s suit was timely instituted.
R.S. 18:552 provides:
“Days upon which a general or local election is held under this Part are, for all purposes whatever, legal holidays in the localities where the elections are held.”
Defendant asserts that this provision has no application to the determination of legal holidays for the purpose of determining prescriptive delays. We find no basis for this assertion in either the wording of R.S. 18:552 or its legislative history. The provision specifically provides that Election Day is to be a legal holiday for “all purposes whatever.” The legislative history is in accord. When the Revised Statutes were compiled in 1950, Act 445 of 1948, which was an exclusive listing of legal holidays, was in force in Louisiana. However, in compilation the redactors chose to include not only Act 445 of 1948 (the source of R.S. 1:55), but also Act 224, § 9 of 1940 (the source of R.S. 18:552), which had apparently been impliedly repealed. In including the two provisions the redactors removed the exclusivity clause from R.S. 1:55. We believe the redactors were mistaken in including Act 224, § 9 of 1940 in the Revised Statutes. However, since R.S. 18:552 was enacted into law by Act 2 of the First Extraordinary Session of 1950, it is the law. Guillot v. Nunez, 225 La. 301, 72 So.2d 513 (1954); State ex rel. Fudickar v. Heard, 223 La. 127, 65 So.2d 112 (1953).
Defendant also contends that R.S. 1:55(E), which was added by Act 72 of 1976, has impliedly repealed R.S. 18:552. This paragraph simply lists those days on which “[ejach district court and each clerk of a district court shall close.” This provision has no application to the determination of legal holidays. We do not believe that the days on which the clerks of court’s offices are to be closed must necessarily be the legal holidays. Therefore, the fact that Election Day is not listed in R.S. 1:55(E) does not avail defendant.
The fact that the clerk of court’s office was open on Election Day and that plaintiff *1021 could have filed suit on November 2 is irrelevant. As previously stated, the days on which the Clerks’ offices are open are not necessarily legal days. It is undisputed that “when the law allows a person only a limited time in which to file actions, he should be allowed the full and complete time.” Hebert v. Spano, 233 La. 813, 98 So.2d 199 (1957). To require a person to file suit on a legal holiday because the clerk’s office is open would be contrary to C.C.P. Art. 5059 which refers to legal holidays, not days on which the clerks’ offices are open. Legal holidays are defined by statute — not by when the various clerks of court’s offices are closed.
For the reasons assigned, the judgment of the district court is reversed. Costs of this appeal are taxed against appellee.
REVERSED AND REMANDED.