484 So.2d 743 (1986)
Frederick J. HEBERT, et al.
v.
Cherry Faye WEAVER, et al.
No. CA 84 1218.
Court of Appeal of Louisiana, First Circuit.
February 25, 1986.
Writ Denied May 1, 1986.
*744 Robert C. Funderburk, Jr., Baton Rouge, for plaintiffs-appellants, Frederick J. Herbert and Paul F. Hebert.
Chester C. Williams, Baton Rouge, for defendant-appellee, Henry E. Dufour, III.
Ashton L. Stewart, Baton Rouge, for defendant-appellee, John Weaver.
Before EDWARDS, LANIER and JOHN S. COVINGTON, JJ.
LANIER, Judge.
This action commenced as a summary proceeding for a declaratory judgment that Act 709 of 1979, enacting La.C.C. arts. 2345 and 2357, effective January 1, 1980, authorized the holders of judicial mortgages (tort judgments) obtained in 1973 to execute against community property obtained in 1961 by spouses who are now divorced. The husband[1] responded to these pleadings with a dilatory exception pleading the objection of improper use of a summary proceeding and a peremptory exception pleading the objections of no right of action and no cause of action. The husband also asked for a stay of proceedings asserting the wife had filed a voluntary petition for bankruptcy. The trial court heard the case as it applied to the husband's undivided one-half of the property of the community of acquets and gains and sustained the peremptory exception pleading no cause of action. This devolutive appeal followed.

FACTS
Cherry Faye Unbehagen and John E. Weaver were married on October 14, 1960. At that time, Mrs. Weaver had legal custody of a child from a previous marriage, Henry E. Dufour, III. On December 5, 1961, Mr. Weaver acquired (as community property) Lot 22 of Homewood Subdivision, located on Madeira Drive in Baton Rouge, Louisiana.
On January 5, 1968, Mrs. Weaver's minor son, Henry, was driving a borrowed automobile and was involved in a very serious two-car accident. The plaintiffs-in-rule herein, Frederick J. Hebert and Paul F. Hebert, subsequently obtained judgments against Mrs. Weaver, Henry and Aetna Insurance Company (Aetna) for $7,889.47 and $68,500, respectively. Aetna's limits were $5,000 which were paid on November 12, 1974. These judgments (as finally corrected) were signed on February 20, 1973. This court affirmed in Hurston v. Dufour, 292 So.2d 733 (La.App. 1st Cir.1974), writ denied, 295 So.2d 178 (La.1974). By judgment dated October 13, 1983, these judgments were revived.
The summary proceeding herein was filed on April 10, 1984. Mr. and Mrs. Weaver were divorced by judgment dated May 11, 1984. (During oral argument, we were advised by counsel for the parties that the divorce judgment is now final.) On May 18, 1984, Mrs. Weaver filed a voluntary petition in bankruptcy in the United States Bankruptcy Court for the Middle District of Louisiana. The trial court judgment herein was signed on June 18, 1984.

*745 APPLICATION OF PRESENT LA.C.C. ARTS. 2345 AND 2357 TO THE FACTS OF THIS CASE
Appellants contend the trial court erred by refusing to apply La.C.C. arts. 2345 and 2357 retroactively to the facts of this case and sustaining Mr. Weaver's peremptory exception pleading the objection of no cause of action. Mr. Weaver responds that La.C.C. arts. 2345 and 2357 cannot be applied retrospectively, that to do so would divest a vested right and be unconstitutional and, upon termination of the community, a judgment against the separate estate of one spouse cannot be satisfied out of the other spouse's undivided one-half interest in the community (which is then his or her separate property).
The community of acquets and gains between a husband and wife is not responsible for a spouse's liability in tort unless it is community related. Adams v. Golson, 187 La. 363, 174 So. 876 (1937); Tandy v. Simoneaux, 344 So.2d 406 (La. App. 1st Cir.1977). The fault of either spouse cannot be imputed to the other or the community merely because of the marital relationship. Cf. Lewis v. Till, 395 So.2d 737 (La.1981). The vicarious liability of Mrs. Weaver for the tort of her minor child is her separate obligation and not that of Mr. Weaver or her community with Mr. Weaver.
Prior to the effective date of La.C.C. arts. 2345 and 2357, our statutory law and jurisprudence interpreting it provided that the community was part of the husband's patrimony, the community was subject to creditor's rights for the husband's separate debts (obligations) subject to an accounting of his separate estate to the community upon its dissolution, community property was not available to satisfy the wife's separate debts (obligations) and community property could not be seized to satisfy the wife's separate debts. La.C.C. arts. 2402, 2403 and 2404; Creech v. Capitol Mack, Inc., 287 So.2d 497 (La.1973); Adams v. Golson, 174 So. at 878-879; Charbonnet v. Martin, 285 So.2d 304 (La.App. 4th Cir. 1973); Commercial Credit Plan, Incorporated v. Perry, 186 So.2d 900 (La.App. 1st Cir.1966), writ refused, 249 La. 709, 190 So.2d 231 (1966). Act 709 of 1979 repealed this law and enacted La.C.C. arts. 2345 and 2357 which provide as follows:
Art. 2345. Satisfaction of obligation during community
A separate or community obligation may be satisfied during the community property regime from community property and from the separate property of the spouse who incurred the obligation.
....
Art. 2357. Satisfaction of obligation after termination of regime
An obligation incurred by a spouse before or during the community property regime, may be satisfied after termination of the regime from the property of the former community and from the separate property of the spouse who incurred the obligation.
If a spouse disposes of property of the former community for a purpose other than the satisfaction of community obligations, he is liable for all obligations incurred by the other spouse up to the value of that community property.
A spouse may by written act assume responsibility for one-half of each community obligation incurred by the other spouse. In such case, the assuming spouse may dispose of community property without incurring further responsibility for the obligations incurred by the other spouse.
The law applicable to determine if a statute is to have retrospective effect is set forth in Graham v. Sequoya Corporation, 478 So.2d 1223, 1225-1226 (La.1985) as follows:
C.C.8 states the general rule that a law "can prescribe only for the future, it can have no retrospective operation ..." Additionally, R.S. 1:2 mandates that no statute is retroactive unless expressly stated. From these principles it has developed and is consistently stated that the rule of prospective application applies to laws that are substantive in nature, but laws that are procedural, remedial or *746 curative may be accorded retroactive effect. However, a law will not be applied retroactively if its language evidences a contrary intent or the retroactivity would operate to disturb vested rights.
A substantive law is one that creates an obligation, while a procedural, remedial or curative statute relates to the form of the proceeding or the operation of the laws. [Citations omitted.]
On June 7, 1974,[2] when the Louisiana Supreme Court denied the writ application in Hurston v. Dufour, the appellants did not have a right to seize the community property of Mr. and Mrs. Weaver to satisfy her separate debt; community property was not obligated at that time to satisfy such a debt. Stated another way, at that time Mr. Weaver had a right to acquire and own community property which was not subject to seizure for payment of Mrs. Weaver's separate debts. Act 709 of 1979, enacting La.C.C. arts. 2345 and 2357, changed these rights and obligations in three ways: (1) the husband's right to acquire and own community property which was exempt from the obligation to satisfy his spouse's separate debts was rescinded; (2) an obligation was placed on the community property making it liable to satisfy the wife's separate debts; and (3) creditors of the wife for her separate debts were given a new right with which to enforce collection of such debt. Such legislation is clearly substantive and cannot be applied retroactively under the facts of this case. In addition, the legislation does not provide that it is to be applied retrospectively.
The appellants' assignment of error is without merit.

DECREE
For the foregoing reasons, the judgment of the trial court is affirmed at appellants' cost.
AFFIRMED.
NOTES
[1] The record before us does not show an appearance by Mrs. Weaver.
[2] We state no opinion on whether the rights and obligations of the parties were fixed by the date of acquisition of the community property (December 5, 1961), the date of the tort (January 5, 1968), or the date the judgment became final. Such a determination is not necessary to this opinion because all three events occurred before the effective date of Act 709 of 1979.