JAMES J. BERTELL, Plaintiff-Appellant, v. ROCKFORD MEMORIAL HOSPITAL *et al.*, Defendants-Appellees.

Second District    No. 2—08—0652

Opinion filed July 22, 2009.

Constance Augsburger, of Buzard & Augsburger, of Mt. Morris, for appellant.

Joseph T. Monahan and Linda A. Bryceland, both of Monahan & Cohen, of Chicago, for appellees.

JUSTICE O'MALLEY delivered the opinion of the court:

Plaintiff, James J. Bertell, sued defendants, Rockford Memorial Hospital (RMH) and its chief of operations, Earl Tamar, alleging that they subjected him to involuntary commitment without filing a timely petition in the trial court. The trial court dismissed the complaint (see 735 ILCS 5/2—619(a)(9) (West 2006)), holding that the petition was timely. We affirm.

Plaintiff's complaint alleged as follows. On Sunday, February 12, 2006, at 2 p.m., he was involuntarily committed to RMH, under section 3—600 of the Mental Health and Developmental Disabilities Code (Code) (405 ILCS 5/3—600 (West 2006)). That day, a registered nurse signed a commitment petition and reviewed it with plaintiff. On Tuesday, February 14, 2006, defendants filed the petition in the trial court. On February 15, 2006, plaintiff was released from RMH. The petition and the required supporting documents were not timely filed under section 3—611 of the Code, which, as pertinent here, reads:

"Within 24 hours, excluding Saturdays, Sundays and holidays, after the respondent's admission under this Article, the facility director of the facility shall file 2 copies of the petition, the first certificate, and proof of service of the petition and statement of rights upon the respondent with the court in the county in which the facility is located." 405 ILCS 5/3—611 (West 2006).

Plaintiff contended that, because the petition was filed more than 24 hours after he was admitted to RMH, he had been unlawfully detained there. He sought recovery under theories of negligent infliction of emotional distress, negligence, and false imprisonment.

Defendants moved to dismiss the complaint, arguing that the petition was timely under section 3—611. According to defendants, Monday, February 13, 2006, was a "holiday" (405 ILCS 5/3—611 (West 2006)) and therefore (along with Sunday, February 12, 2006) was excluded from the calculation of the 24-hour period. Thus, they maintained, the petition had been filed timely on Tuesday, February 14, 2006, the first postcommitment day that was neither a Sunday nor a holiday. Defendants relied in part on section 60 of the State Commemorative Dates Act (Act) (5 ILCS 490/60 (West 2006)), which reads:

"Lincoln's Birthday. The twelfth day of February of each year shall be a legal holiday to be known as Lincoln's Birthday to be observed as a day on which to hold appropriate exercises in commemoration of our illustrious President. When February twelfth shall fall on a Sunday, the following Monday shall be held and considered the holiday."

Defendants also invoked section 1.11 of the Statute on Statutes (5 ILCS 70/1.11 (West 2006)), which, as pertinent here, reads:

"The time within which any act provided by law is to be done shall be computed by excluding the first day and including the last, unless the last day is Saturday or Sunday or is a holiday as defined or fixed in any statute now or hereafter in force in this State, and then it shall also be excluded."

Defendants reasoned that section 1.11 of the Statute on Statutes showed that Lincoln's Birthday 2006 was "a holiday as defined or fixed" by section 60 of the Act. 5 ILCS 70/1.11 (West 2006).

The trial court heard arguments on the motion, but there is no transcript or bystander's report of the hearing. On March 26, 2008, the court dismissed the complaint with prejudice. On April 25, 2008, plaintiff moved to reconsider. He argued that, in the context of this case, February 13, 2006, should not be considered a "holiday." His motion attached an order, dated August 1, 2005, by which the chief judge of the court designated certain dates as "Judicial Legal Holidays" on which the circuit court of the Seventeenth Judicial District "shall adjourn and shall be closed." February 13, 2006, was not on the list.[1] Plaintiff reasoned that, because the court was open that day, it would be absurd to treat it as a holiday that extended the time in which to file documents there. Defendants responded that the Act unambiguously made Lincoln's Birthday a legal holiday and that, under section 3—611 of the Code and the Statute on Statutes, the 24-hour period did not start until February 14, 2006.

At a hearing, which was transcribed, defendants contended that plaintiff's motion was improper because it merely reiterated what plaintiff had argued in opposing defendants' motion to dismiss. The trial judge conceded that he had "heard all these arguments before," but he found it helpful to hear them again with a court reporter present so that this court could have a record of the arguments. After the court denied the motion to reconsider, plaintiff timely appealed.

On appeal, plaintiff argues that the trial court erred in ruling that Lincoln's Birthday 2006 was a "holiday" that tolled the 24-hour period for filing the involuntary-commitment petition. He reasons that, in actuality, Monday, February 13, 2006, was no more a "holiday" than any other day on which the circuit court was open and that to ignore this reality would slight the liberty interests of those who have been involuntarily committed. See generally *In re Stone*, 249 Ill. App. 3d 861, 864-65 (1993) (Code must be construed strictly in favor of those subject to involuntary commitment).

---

[1] Our supreme court permits the chief judge of a circuit court to elect to have that court remain open for business on legal holidays.

■ Defendants respond first that, because plaintiff's motion to reconsider was "invalid and frivolous," we should hold that it did not toll the time for plaintiff to appeal, making his appeal untimely and requiring us to dismiss it. See Ill. S. Ct. R. 303(a)(1) (eff. May 1, 2007); 735 ILCS 5/2—1203(b) (West 2008). According to defendants, plaintiff's motion raised no new arguments but was filed solely so that he could obtain a written record, which he failed to do at the hearing on the motion to dismiss. Asserting that this tactic caused needless delay and expense, defendants ask us to regard the motion to reconsider as a nullity and thus to dismiss the appeal as untimely. See 155 Ill. 2d R. 301; *People v. Anderson*, 375 Ill. App. 3d 121, 131 (2007) (timely notice of appeal is jurisdictional). We disagree.

Defendants concede that they "have found no authority that is on point." We too have found no authority that addresses defendants' specific argument, but we believe that well-settled principles require us to hear this appeal. At issue is the interpretation of Illinois Supreme Court Rule 303(a)(1) (eff. May 1, 2007) and section 2—1203(a) of the Code of Civil Procedure (735 ILCS 5/2—1203(a) (West 2008)). In construing either a supreme court rule or a statute, our paramount objective is to effectuate the intent of those who enacted it. *Vicencio v. Lincoln-Way Builders, Inc.*, 204 Ill. 2d 295, 301 (2003); *Longstreet v. Cottrell, Inc.*, 374 Ill. App. 3d 549, 552 (2007). We look first to the language of the rule or statute and, if possible, give terms their plain meaning.*Vicencio*, 204 Ill. 2d at 301.

As pertinent here, Rule 303(a)(1) reads, "[t]he notice of appeal must be filed with the clerk of the circuit court within 30 days after the entry of the final judgment appealed from, or, if a timely posttrial motion directed against the judgment is filed, *** within 30 days after the entry of the order disposing of the last pending postjudgment motion directed against that judgment or order." Ill. S. Ct. R. 303(a)(1) (eff. May 1, 2007). As pertinent here, section 2—1203(a) of the Code of Civil Procedure allows a party in a nonjury case to file, within 30 days after the entry of the judgment, "a motion for a rehearing, or a retrial, or modification of the judgment or to vacate the judgment or for other relief." 735 ILCS 5/2—1203(a) (West 2008).

Plaintiff complied with the rule and the statute. He filed his notice of appeal within 30 days after the entry of the order denying his motion to reconsider. He filed the motion, which was directed and sought relief against the judgment dismissing his complaint, within 30 days after the entry of the judgment. Therefore, given the plain language of

Rule 303(a)(1) and section 2—1203(a), we conclude that we have jurisdiction over plaintiff's appeal.

Defendants' request that we ignore plaintiff's postjudgment motion because it was frivolous or brought for an improper purpose finds no support in the rule or the statute. Defendants ask us to create an exception to section 2—1203(a)'s definition of a postjudgment motion or perhaps to Rule 303(a)(1)'s language extending the time in which to file a notice of appeal. We may not read in such exceptions. *Kevin's Towing, Inc. v. Thomas*, 351 Ill. App. 3d 540, 544 (2004). Nothing makes our jurisdiction depend on the soundness of a postjudgment motion or the motivation for its filing.

We turn to the merits of plaintiff's appeal. His complaint was dismissed under section 2—619(a)(9) of the Code of Civil Procedure, which allows the involuntary dismissal of a claim that is barred by "affirmative matter avoiding the legal effect of or defeating the claim." 735 ILCS 5/2—619(a)(9) (West 2006).[2] Our review is *de novo*, and we ask whether the existence of a genuine issue of material fact should have precluded dismissal or, absent such a factual issue, whether dismissal was proper as a matter of law. *Chandler v. Illinois Central R.R. Co.*, 207 Ill. 2d 331, 341 (2003).

Here, there are no factual disputes, and we decide only whether Lincoln's Birthday 2006 was a "holiday" as that term is used in section 3—611 of the Code. The Code itself does not define the term, and resolving the ambiguity requires us to construe not only section 3—611 but also section 60 of the Act and section 1.11 of the Statute on Statutes. Indeed, statutes that address the same subject matter, even if not strictly *in pari materia*, should be considered with reference to each other, so that they may be given harmonious effect. *Wade v. North Chicago Police Pension Board*, 226 Ill. 2d 485, 511-12 (2007); *Van Milligen v. Department of Employment Security*, 373 Ill. App. 3d 532, 538-39 (2007). This principle applies to the statutes at issue here, all of which address not only the construction of the word "holiday" but, more important, the time in which certain types of official or legally required acts must be performed. See *West Virginia Department of Health & Human Resources v. Hess*, 189 W. Va. 357, 360, 432 S.E.2d 27, 30 (1993) (construing term "days" as used in statute governing time for appealing administrative decision to circuit court consistently with definition of "days" in related statute).

---

[2]Conceivably, the judgment actually dismissed the complaint not because it was barred by affirmative matter but because it failed to state a cause of action (see 735 ILCS 5/2—615(a) (West 2006)). In the context of this case, the distinction is both obscure and of no practical significance.

With these principles in mind, we turn to section 3—611 itself. Neither section 3—611 nor any other part of the Code defines "holiday." However, the Act plainly makes Lincoln's Birthday a "holiday"—indeed, a *"legal* holiday." (Emphasis added.) 5 ILCS 490/60 (West 2006). A "legal holiday" is a day "designated by law as exempt from court proceedings, issuance of process, and the like," and the term is "[s]ometimes shortened to *holiday*." (Emphasis in original.) Black's Law Dictionary 913 (8th ed. 2004). In the present context, this definition is, of course, not conclusive: it describes a general custom, which our legislature may or may not have elected to follow here. And it is true that, in enacting section 60 of the Act, the legislature did not choose to state *explicitly* that no judicial business shall be transacted on Lincoln's Birthday or that the date on which it falls shall not count toward the time within which certain judicial acts must be performed.

Nonetheless, we may presume that, when the legislature specifically chose to designate Lincoln's Birthday a "legal holiday," it did so with full awareness of the customary and well-established meaning of that term. We note that the term "holiday" appears in four other sections of the Act (5 ILCS 490/15 (West 2006) (Casimir Pulaski Holiday); 5 ILCS 490/65 (West 2006) (Martin Luther King, Jr.'s Birthday); 5 ILCS 490/90 (West 2006) (Veterans Day); 5 ILCS 490/95 (West 2006) (Viet Nam War Veterans Day, a "commemorative holiday")), but not in the sections pertaining to the many other special days (or months) that the Act lists. Thus, the Act recognizes a distinction between days that are merely to be observed, with no special legal status, and "holidays."[3] To refuse to attach significance to the legislature's conscious choice to call Lincoln's Birthday a "legal holiday" would not only ignore a common usage of which the legislature was no doubt aware but would, in effect, render superfluous the term "holiday" in section 60. See *Grant Importing & Distributing Co. v. Amtec International of NY Corp.*, 384 Ill. App. 3d 68, 72 (2008); *People v. Howard*, 374 Ill. App. 3d 705, 715 (2007) (court should not construe statute in way that renders terms superfluous). Had the legislature not meant to attach consequences to Lincoln's Birthday besides the voluntary "commemoration of our illustrious President" (5 ILCS

---

[3]The description of Viet Nam War Veterans Day as a "commemorative holiday," not simply a "holiday," may raise doubt whether it is a "holiday" under section 3—611 of the Code or section 1.11 of the Statute on Statutes. The term "commemorative" might be seen to limit the effect of the term "holiday," *i.e.*, as restricting the effect of the section to "commemoration" without imposing any legal consequences. However, we need not resolve that issue here. Of course, there is nothing so potentially restrictive about the term "legal holiday" in section 60 of the Act.

490/60 (West 2006)), it would not have bothered to designate it as a "holiday." Reading section 3—611 *in pari materia* with section 60 of the Act, we shall not give the term "holiday" two different meanings.

Any doubt that section 3—611 should receive such an interpretation is dispelled by considering it in conjunction with section 1.11 of the Statute on Statutes. The two provisions are *in pari materia,* as they both address the calculation of the time in which certain official or judicial acts must be performed. See *Hess,* 189 W. Va. at 360, 432 S.E.2d at 30. Moreover, because section 1.11 of the Statute on Statutes incorporates section 60 of the Act, reading section 3—611 inconsistently with section 60 of the Act would necessarily bring it into conflict with the Statute on Statutes.

Section 1.11 states that the time within which *"any act provided by law* is to be done shall be computed by excluding the first day and including the last, unless the last day is Saturday or Sunday or is *a holiday as defined or fixed in any statute now or hereafter in force in this State,* and then it *shall* also be excluded." (Emphases added.) 5 ILCS 70/1.11 (West 2006). This mandatory language is categorical, covering "any act provided by law," and applying to a holiday as defined by "any statute." 5 ILCS 70/1.11 (West 2006). Thus, it applies to Lincoln's Birthday, which section 60 of the Act defines as a holiday. Therefore, even had section 3—611 completely failed to specify that holidays are to be excluded from the 24-hour period for filing an involuntary-commitment petition, section 1.11 of the Statute on Statutes would have compelled that result.

Reading section 3—611 of the Code to exclude Lincoln's Birthday 2006 as a holiday in Winnebago County because the courthouse was open that day would create an *ad hoc* exception to section 1.11 of the Statute on Statutes. That would be using a debatable interpretation of one statute to negate the clear command of another, thus ignoring both the plain-meaning rule and the rule of *in pari materia.* It would also open the way to the creation of a multitude of such *ad hoc,* fact-specific exceptions to the categorical language of section 1.11, disrupting the consistent and harmonious system that the legislature deliberately created. We shall not turn this unified statutory structure into an interpretive "house divided."

Plaintiff contends that this uniformity is unfair as applied to his case. He reasons that, because the court was open on February 13, 2006, the mere fortuity that it was a legal holiday should not have given defendants an extra 24 hours to keep him confined without filing the required petition. According to plaintiff, this result violates the rule that the Code must be construed strictly so as to guard the liberty interests of people subjected to it (*Stone,* 249 Ill. App. 3d at 864-65).

Although plaintiff's position does not lack intuitive appeal, it is contrary to the inescapable command of the controlling statutes, which we are not free to rewrite. See *Shields v. Judges' Retirement System*, 204 Ill. 2d 488, 497 (2003). By the same token, the rule of strict construction does not apply. Read with the other pertinent statutes, the language of section 3—611 admits of only one reasonable interpretation, so there is no longer an ambiguity that would present a choice between "strict" and "loose" construction. See *Galena Gazette Publications, Inc. v. County of Jo Daviess*, 375 Ill. App. 3d 338, 342-43 (2007).

Finally, plaintiff's proposal is also fraught with potential unfairness as well as practical difficulties. Requiring an attorney or a party to ascertain how a statutory holiday is really being treated in a particular court—or in each one of a number of courts—could impose a potentially dangerous burden and a serious risk of erroneous guesswork on that attorney or party. See *Heinen v. Healthline Management, Inc.*, 982 S.W.2d 244, 251 (Mo. 1998) (Covington, J., dissenting.) In enacting the Code, the legislature recognized the importance of protecting *personal liberty and* the need to commit people involuntarily when it is necessary to protect them or others from personal harm (see 405 ILCS 5/3—601 (West 2006)). Plaintiff's interpretation of the Code is no less potentially troubling than the interpretation that the trial court adopted. But only the trial court's interpretation finds support from established rules of statutory construction.

■ Although there is no Illinois case on point, foreign courts have consistently refused to carve out courthouse-specific exceptions to statutes or rules that exempt certain days from the calculation of the last day of a statutory period within which to perform certain acts. In *Jones & Laughlin Steel Corp. v. Gridiron Steel Co.*, 382 U.S. 32, 15 L. Ed. 2d 26, 86 S. Ct. 152 (1965), under the applicable federal rule, if the final day of the 30-day period in which to file a notice of appeal in the district court was a Saturday, Sunday, or legal holiday, the period ran until the end of the next day that was not one of those days. The thirtieth day after the judgment in *Jones & Laughlin* was a Saturday, and the plaintiff filed its notice of appeal the following Monday. The Court held that the appeal was timely even though, by judicial order, the district court clerk's office had been open Saturday. *Jones & Laughlin*, 382 U.S. at 32-33, 15 L. Ed. 2d at 27, 86 S. Ct. at 152-53; see also *Reyes-Cardona v. J.C. Penney Co.*, 690 F.2d 1 (1st Cir. 1982) (under similar federal rule, fact that district court clerk's office was open on legal holiday was irrelevant to timeliness of motion); *Louis v. Security Insurance Co. of Hartford*, 356 So. 2d 1019, 1020-21 (La. App. 1977) (action filed more than a year after alleged tort was within one-

year limitations period, as last day of period was a legal holiday, statute extended period until end of next day that was not a legal holiday, and fact that circuit court clerk's office was open on holiday was "irrelevant").

Most recently, in *Wilkins v. Kentucky Retirement Systems Board of Trustees*, 276 S.W.3d 812 (Ky. 2009), a claimant appealed an administrative decision to the circuit court. The pertinent statutes were one requiring him to file a notice of appeal within 30 days of the decision; a general statute essentially identical to section 1.11 of our Statute on Statutes; and a third statute declaring that certain days, including Columbus Day, were legal holidays on which all public offices could, but did not have to be, closed. The thirtieth day fell on Columbus Day, but the circuit court was open then. Nonetheless, the claimant filed his notice of appeal the next day. The appellate court dismissed the appeal as untimely. *Wilkins*, 276 S.W.3d at 813.

The Kentucky Supreme Court reversed. The court held that, because the third statute unambiguously made Columbus Day a legal holiday, the general statute allowed the claimant to file his notice of appeal the day afterward. The court explained, "The decision whether to close its offices on these days is up to the [circuit court], but its decision does not affect the day's status as a legal holiday." *Wilkins*, 276 S.W.3d at 814. We agree with this reasoning from the birth state of "our illustrious President" (5 ILCS 490/60 (West 2006)).

Because plaintiff was committed on Sunday, February 12, 2006, and the next day, Lincoln's Birthday, was a holiday under section 3—611 of the Code, the statutory 24-hour period did not start until Tuesday, February 14, 2006. See *Stone*, 249 Ill. App. 3d at 865. Defendants filed the petition that day, making it timely. Plaintiff's complaint is thus fatally flawed, and the trial court correctly dismissed it.

The judgment of the circuit court of Winnebago County is affirmed.

Affirmed.

JORGENSEN and SCHOSTOK, JJ., concur.